**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| SOUTHERN STAR, INC., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No._____ |
| | ) | |
| DISPUTE SOLUTIONS, INC., and | ) | |
| KELLY DYKES, an individual, | ) | |
| | ) | |
| Defendant | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

SOUTHERN STAR, INC. ("Southern Star"), for its claims for relief against the Defendants,

Dispute Solutions, Inc. ("DSI") and Kelly Dykes ("Dykes") (collectively "Defendants"), alleges and

states as follows:

## PARTIES, JURISDICTION AND VENUE

1.      Southern Star is an Oklahoma corporation with its principal place of business in

Poteau, Oklahoma.

2.      DSI is a Texas corporation with its principal place of business located at 102 N.

Shiloh Road, Suite 300, Garland, Dallas County, Texas 75042. DSI's registered agent for service

of process is Gary R. Rice, 2828 Routh Street, Suite 400, Dallas, TX 75201.

3.      Dykes is an individual residing in Collin County, Texas.

4.      Dykes is the President of DSI.

5.      This Court may exercise subject matter jurisdiction of this action pursuant to 28

U.S.C. § 1332, based on diversity of citizenship and the amount in controversy.

-1-

6.      This Court may exercise personal jurisdiction over the parties, since DSI has engaged in business in the State of Oklahoma.

7.      This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims of Southern Star occurred within this judicial district.

## BACKGROUND FACTS COMMON TO ALL CLAIMS

8.      Southern Star installs and services Dish Network home satellite systems throughout portions of Oklahoma, Texas and Arkansas.

9.      DSI holds itself out as a company that provides comprehensive dispute resolution services for employers.

10.     On June 28, 2002, Defendants and Southern Star entered into a contract whereby Defendants agreed to provide Southern Star certain dispute resolution services ("DSI Contract"). Pursuant to the DSI Contract, Defendants agreed, among other things, to provide a custom Alternative Dispute Resolution Policy.  The DSI Contract also provided that Defendants would provide an ongoing ADR Support Program that would include "[p]eriodic legal, legislative, and/or instructional updates."

11.     Following the execution of the DSI Contract, Defendants provided Southern Star with a written dispute resolution plan ("ADR Plan") purportedly designed to allow Southern Star to implement an alternative dispute resolution program for claims between Southern Star and its employees and to thereby avoid costly litigation in court.  The ADR Plan contained a series of mandatory steps that an employee with a claim against Southern Star must follow.  If the employee's

claim is not resolved through other dispute resolution steps to be attempted first under the ADR Plan, then the ADR Plan provides that the parties agree to resolve the dispute through arbitration.

12.     Following receipt of the ADR Plan, Southern Star presented the ADR Plan to its employees and obtained their written agreement to the terms of the ADR Plan. The written agreement made clear that all disputes of any nature or manner whatsoever between Southern Star and Southern Star employees would be  resolved exclusively through the procedures set forth in the ADR Plan including arbitration as a last step.

13.     Among the Southern Star employees that executed an agreement to present disputes in accordance with the ADR Plan was Juan Soto. At the time that he agreed to the provisions in the ADR Plan, Mr. Soto was a residential installer of satellite systems in Texas.

14.     On December 22, 2003, after having agreed to the terms of the ADR Plan, Mr. Soto was involved in an accident while driving his work vehicle. Mr. Soto alleges that he has suffered serious injuries and has brought an action in Texas state court against Southern Star and others to recover the damages that he alleges ("State Court Action").

15.     The Texas Workers' Compensation scheme is not applicable to Mr. Soto's claims against Southern Star because Southern Star is not a subscriber to Texas workers' compensation insurance.

16.     On March 19, 2004, Southern Star, as its first substantive filing in the State Court Action, presented a motion to stay the State Court Action and to compel arbitration of the claims brought against Southern Star. Among other things, Southern Star's motion relied upon the ADR Plan created by Defendants and Mr. Soto's signed acknowledgment of his agreement to be bound by the ADR Plan.

17.     Mr. Soto, through his legal counsel,  responded to Southern Star's Motion by contending that the ADR Plan was not enforceable under Texas law.  Among other things, Mr. Soto focused upon Section 7.5, which reads as follows:

>  7.5 Discontinuation.  The Company may discontinue this Plan by completing a Notice of Discontinuation.

Mr. Soto's brief cites Texas Supreme Court authority for the proposition that this provision renders the ADR Plan illusory and unenforceable.

18.     After receiving briefing from Mr. Soto citing the Texas Supreme Court authority referenced above, the district court in the State Court Action denied Southern Star's motion to compel arbitration and has allowed the case to proceed in the court.

19.     The Texas Supreme Court authority relied upon by Mr. Soto to challenge the ADR Plan was in existence before Southern Star and Defendants entered into the DSI Contract and was certainly in existence before Defendants delivered the ADR Plan to Southern Star.

20.     At no time before or after issuing the ADR Plan to Southern Star, did Defendants advise Southern Star of any developments in the law that might render the ADR Plan unenforceable.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

21.     Southern Star incorporates paragraph numbers 1 through 20.

22.     Southern Star and Defendants entered into the DSI Contract whereby Defendants agreed to provide Southern Star certain alternative dispute resolution services that would allow Southern Star to resolve disputes that may arise between Southern Star and its employees without the expense of litigation in court.  In return, Southern Star agreed to and did provide Defendants good and valuable monetary consideration.

-4-

23.     Defendants have breached the DSI Contract. Among other things, the ADR Plan that Defendants presented to Southern Star has been found unenforceable on the basis of legal authority that existed before DSI and Southern Star entered into the DSI Contract and certainly before Defendants delivered the ADR Plan to Southern Star. Additionally, despite its agreement to do so, Defendants failed to provide periodic legal, legislative and/or instructional updates in relation to the ADR Plan provided to Southern Star pursuant to the DSI Contract.

24.     As a result of Defendants' contract breach(es), Southern Star has suffered damages exceeding $75,000.00, exclusive of interest and costs.

## SECOND CLAIM FOR RELIEF
### (Intentional Misrepresentation and Fraudulent Inducement)

25.     Southern Star incorporates paragraph numbers 1 through 24.

26.     Additionally and alternatively, Southern Star alleges its second claim for relief as follows.

27.     Defendants fraudulently induced Southern Star  to enter into the DSI Contract. Defendants carried out such fraudulent inducement by intentionally misrepresenting and falsely advertising its services as including periodic legal, legislative, and/or instructional updates when Defendants knew at the time it made such representation that  that it had no intention of fulfilling it. Defendants did not provide such updates.  Defendants made such representations with the intention that they should be acted upon by Southern Star.

28.     Southern Star reasonably relied to its detriment upon the false representations of Defendants.

-5-

29.     As a result, Southern Star has suffered damages exceeding $75,000.00, exclusive of interest and costs.

### THIRD CLAIM FOR RELIEF
**(Negligent/Reckless  Misrepresentation and Fraudulent Inducement)**

30.     Southern Star incorporates paragraph numbers 1 through 29.

31.     Additionally and alternatively, Southern Star alleges its third claim for relief as follows.

32.     Defendants fraudulently induced Southern Star  to enter into the DSI Contract. Defendants carried out such fraudulent inducement by negligently and/or recklessly misrepresenting and falsely advertising its services as being in conformity with the law when such services did not comply with the law and Defendants reasonably should have known it services did not comply with the applicable law.  Defendants made such representations with the intention that they should be acted upon by Southern Star.  Additionally, Defendants  negligently and/or recklessly misrepresented and falsely advertised that it would provide periodic legal, legislative, and/or instructional updates relating to the ADR program that it was to provide to Southern Star under the DSI Contract.  Defendants made such representations with the intention that they should be acted upon by Southern Star.  Defendants did not provide such updates.

33.     Southern Star reasonably relied to its detriment upon the false representations of Defendants to its detriment.

34.     As a result, Southern Star has suffered damage exceeding $75,000.00, exclusive of interest and costs.

### FOURTH CLAIM FOR RELIEF
**(Violation of the Oklahoma Deceptive Trade Practices Act)**

35.     Southern Star incorporates paragraph numbers 1 through 34.

-6-

36.     Additionally and alternatively, Southern Star alleges its fourth claim for relief as follows.

37.     Defendants have engaged in deceptive trade practices in violation of the Oklahoma Deceptive Trade Practices Act, Okla. Stat. tit. 78, § 51 et seq., by, among other things, making false representations concerning the characteristics, quantities, and benefits of its goods and/or services. Moreover, Defendants advertised goods and/or services which differed from that which they could actually produce or render and advertised goods and/or services with an intent not to supply reasonably expected demand.

38.     As a result, Southern Star has suffered damage exceeding $75,000.00, exclusive of interest and costs.

### FIFTH CLAIM FOR RELIEF
### (Constructive Fraud)

39.     Southern Star incorporates paragraph numbers 1 through 38.

40.     Additionally and alternatively, Southern Star alleges its fifth claim for relief as follows.

41.     The acts and omissions of Defendants alleged above, even if not perpetrated with actual intent to defraud, are such of character as to constitute a constructive fraud upon Southern Star.

42.     Whether intentionally, recklessly, negligently, or unintentionally, Defendants misled Southern Star to its detriment, thereby breaching its duty of good faith and fair dealing to inform Southern Star of its inability to adequately provide goods and perform services as promised.

43.     As a result, Southern Star has suffered damage exceeding $75,000.00, exclusive of interest and costs.

-7-

## SIXTH CLAIM FOR RELIEF
### (Failure of Consideration)

44.     Southern Star incorporates paragraph numbers 1 through 43.

45.     Additionally and alternatively, Southern Star alleges its sixth claim for relief as follows.

46.     If the Court finds that one or more contracts were formed between Southern Star and Defendants, such contract(s) should be rescinded for failure of consideration. The requisite consideration sufficient to establish and enforce binding contracts between the parties has failed as a result of the acts and omissions of Defendants. As a result, Southern Star has suffered damage in an amount exceeding $75,000.00, exclusive of interest and costs, and is entitled to a complete revocation and rescission of the contract(s) and the return of all monies paid to Defendants pursuant to each such contract.

## SEVENTH CLAIM FOR RELIEF
### (Restitution)

47.     Southern Star incorporates paragraph numbers 1 through 46.

48.     Additionally and alternatively, Southern Star alleges its seventh claim for relief as follows.

49.     Southern Star paid Defendants substantial monies for alternative dispute services from Defendants. The services that Defendants provided were defective.

50.     In equity and good conscience, Defendants should not be allowed to retain the unearned amounts it received from Southern Star and should be ordered to disgorge and restore such funds to Southern Star.

-8-

## EIGHTH CLAIM FOR RELIEF
### (Money Had and Received)

51.     Southern Star incorporates paragraph numbers 1 through 47.

52.     Additionally and alternatively, Southern Star alleges its eighth claim for relief as follows.

53.     Southern Star paid Defendants substantial monies for alternative dispute services from Defendants.  The services that Defendants provided were defective.

54.     In equity and good conscience, Defendants should not be allowed to retain the unearned amounts it received from Southern Star and should be ordered to disgorge and restore such funds to Southern Star.

## NINTH CLAIM FOR RELIEF
### (Unjust Enrichment)

55.     Southern Star incorporates paragraph numbers 1 through 51.

56.     Additionally and alternatively, Southern Star alleges its ninth claim for relief as follows.

57.     Southern Star paid Defendants substantial monies for alternative dispute services from Defendants.  The services that Defendants provided were defective.

58.     In equity and good conscience, Defendants should not be allowed to retain the unearned amounts it received from Southern Star and should be ordered to disgorge and restore such funds to Southern Star.

## TENTH CLAIM FOR RELIEF
### (Negligence)

59.     Southern Star incorporates paragraph numbers 1 through 58.

60.     Additionally and alternatively, Southern Star alleges its tenth claim for relief.

61.     The acts of Defendants asserted herein constitute negligence that has caused Southern Star to suffer damages.

WHEREFORE, Plaintiff Southern Star prays for judgment in its favor and against Defendants Dispute Solutions, Inc. and Kelly Dykes as follows:

A.      For an award of actual damages exceeding $75,000.00;

B.      For an award of consequential damages in an amount to be proven at trial;

C.      For an award of punitive damages in an amount sufficient to make an example of Defendants and to deter other such conduct;

D.      For restitution of all monies paid to Defendants in connection with the ADR Plan;

E.      For an award of reasonable attorney fees and costs;

F.      For an award of pre- and post-judgment interest; and

G.      For an award of such other relief as the Court deems just and equitable.

Respectfully submitted,

NEWTON, O'CONNOR, TURNER & KETCHUM,
A PROFESSIONAL CORPORATION

By:_____
W. Kirk Turner, OBA No. 13791
Jon M. Payne, OBA No. 17910
2700 Bank of America Center
15 West 6th Street
Tulsa, OK  74119-5423
Phone:  (918) 587-0101
Fax: (918) 587-0102

ATTORNEYS FOR PLAINTIFF,
SOUTHERN STAR, INC.

-10-