**FILED**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF OKLAHOMA

APR 1 0 2006

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

SOUTHERN STAR, INC., §
§
    Plaintiff, §
§
v. §    Case No. 06-CIV-0030-WH
§
DISPUTE SOLUTIONS, INC., §
§
    Defendant. §

### DEFENDANT'S ORIGINAL ANSWER
### TO PLAINTIFF'S AMENDED COMPLAINT

    Defendant Dispute Solutions, Inc. ("Defendant" or "Dispute Solutions") files this

Original Answer to the Amended Complaint of Plaintiff Southern Star, Inc. ("Plaintiff" or

"Southern Star") pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.[1]

### I.

### ORIGINAL ANSWER

    1.    Defendant neither admits nor denies the allegations of Paragraph 1 because it

alleges no matters requiring an admission or a denial.

    2.    Defendant admits the allegations contained in Paragraph 2 of the Amended

Complaint.

    3.    Defendant admits the allegations contained in Paragraph 3 of the Amended

Complaint, with the exception of the address of Defendant's registered agent, which it denies.

    4.    Defendant neither admits nor denies the allegations of Paragraph 4 because it

alleges no matters requiring an admission or a denial.

---

[1]Dispute Solutions does not believe that Southern Star's filing of this action is proper in light of the parties' Contract, which provides, *inter alia,* that any controversy or claim arising out of or relating to the Contract shall be settled by arbitration in accordance with Dispute Solutions' Rules of Mediation and Arbitration. Dispute Solutions expressly reserves all rights and remedies available to it, including those asserted in its Motion to Compel Arbitration in that action styled and numbered: *Kelly Dykes et al v. Southern Star, Inc.,* Case No. 3-06 CV -0303 N, pending before the United States District Court for the Northern District of Texas.

5.     Defendant admits that it has engaged in business in the State of Oklahoma. Defendant neither admits nor denies the remaining allegations of Paragraph 5 because it alleges no matters requiring an admission or a denial.

6.     Defendant denies the allegations contained in Paragraph 6 of the Amended Complaint.

7.     Defendant admits the allegations contained in Paragraph 7 of the Amended Complaint.

8.     Defendant admits the allegations contained in Paragraph 8 of the Amended Complaint.

9.     Defendant admits the allegations contained in Paragraph 9 of the Amended Complaint.

10.     Defendant admits that, following the execution of the DSI Contract, DSI provided Southern Star with a written dispute resolution program which was designed to allow Southern Star to implement an alternative dispute resolution program for claims between Southern Star and its employees. Defendant denies the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.     Defendant admits the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 12, which are therefore denied. Defendant denies the remaining allegations contained in Paragraph 12 of the Amended Complaint.

13.     Defendant denies the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Defendant admits that DSI and Southern Star entered into an agreement which provides, in part, that the parties shall submit any controversy or claim arising out of or relating

**DEFENDANT'S ORIGINAL ANSWER**                                                                                                  Page 2

to their agreement, or the breach thereof, to arbitration as provided therein. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 14, which are therefore denied.

15.      Defendant neither admits nor denies the allegations of Paragraph 15 because it alleges no matters requiring an admission or a denial.

16.      Defendant denies the allegations of Paragraph 16 of the Amended Complaint regarding "without the expense of litigation in court." Defendant admits the remaining allegations of Paragraph 16 of the Amended Complaint.

17.      Defendant denies the allegations of Paragraph 17 of the Amended Complaint.

18.      Defendant denies the allegations of Paragraph 18 of the Amended Complaint.

19.      Defendant neither admits nor denies the allegations of Paragraph 19 because it alleges no matters requiring an admission or a denial.

20.      Defendant neither admits nor denies the allegations of Paragraph 20 because it alleges no matters requiring an admission or a denial.

21.      Defendant denies the allegations of Paragraph 21 of the Amended Complaint.

22.      Defendant denies the allegations of Paragraph 22 of the Amended Complaint.

23.      Defendant denies the allegations of Paragraph 23 of the Amended Complaint.

24.      Defendant neither admits nor denies the allegations of Paragraph 24 because it alleges no matters requiring an admission or a denial.

25.      Defendant neither admits nor denies the allegations of Paragraph 25 because it alleges no matters requiring an admission or a denial.

26.      Defendant denies the allegations of Paragraph 26 of the Amended Complaint.

27.      Defendant denies the allegations of Paragraph 27 of the Amended Complaint.

28.      Defendant denies the allegations of Paragraph 28 of the Amended Complaint.

29.      Defendant neither admits nor denies the allegations of Paragraph 29 because it alleges no matters requiring an admission or a denial.

30.     Defendant neither admits nor denies the allegations of Paragraph 30 because it alleges no matters requiring an admission or a denial.

31.     Defendant denies the allegations of Paragraph 31 of the Amended Complaint.

32.     Defendant denies the allegations of Paragraph 32 of the Amended Complaint.

33.     Defendant neither admits nor denies the allegations of Paragraph 33 because it alleges no matters requiring an admission or a denial.

34.     Defendant neither admits nor denies the allegations of Paragraph 34 because it alleges no matters requiring an admission or a denial.

35.     Defendant denies the allegations of Paragraph 35 of the Amended Complaint.

36.     Defendant denies the allegations of Paragraph 36 of the Amended Complaint.

37.     Defendant denies the allegations of Paragraph 37 of the Amended Complaint.

38.     Defendant neither admits nor denies the allegations of Paragraph 38 because it alleges no matters requiring an admission or a denial.

39.     Defendant neither admits nor denies the allegations of Paragraph 39 because it alleges no matters requiring an admission or a denial.

40.     Defendant denies the allegations of Paragraph 40 of the Amended Complaint.

41.     Defendant neither admits nor denies the allegations of Paragraph 41 because it alleges no matters requiring an admission or a denial.

42.     Defendant neither admits nor denies the allegations of Paragraph 42 because it alleges no matters requiring an admission or a denial.

43.     Defendant admits that Southern Star paid Defendant monies for alternative dispute resolution services.  Defendant denies the remaining allegations of Paragraph 43 of the Amended Complaint.

44.     Defendant denies the allegations of Paragraph 44 of the Amended Complaint.

45.     Defendant neither admits nor denies the allegations of Paragraph 45 because it alleges no matters requiring an admission or a denial.

46.     Defendant neither admits nor denies the allegations of Paragraph 46 because it alleges no matters requiring an admission or a denial.

47.     Defendant admits that Southern Star paid Defendant monies for alternative dispute resolution services.  Defendant denies the remaining allegations of Paragraph 47 of the Amended Complaint.

48.     Defendant denies the allegations of Paragraph 48 of the Amended Complaint.

49.     Defendant neither admits nor denies the allegations of Paragraph 49 because it alleges no matters requiring an admission or a denial.

50.     Defendant neither admits nor denies the allegations of Paragraph 50 because it alleges no matters requiring an admission or a denial.

51.     Defendant admits that Southern Star paid Defendant monies for alternative dispute resolution services.  Defendant denies the remaining allegations of Paragraph 51 of the Amended Complaint.

52.     Defendant denies the allegations of Paragraph 52 of the Amended Complaint.

53.     Defendant neither admits nor denies the allegations of Paragraph 53 because it alleges no matters requiring an admission or a denial.

54.     Defendant neither admits nor denies the allegations of Paragraph 54 because it alleges no matters requiring an admission or a denial.

55.     Defendant denies the allegations of Paragraph 55 of the Amended Complaint.

## II.

## AFFIRMATIVE DEFENSES

1.     Subject to the foregoing and without waiving same, Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2.     Subject to the foregoing and without waiving same, Plaintiff is estopped from asserting the claims set forth in its Amended Complaint.

3.     Subject to the foregoing and without waiving same, Plaintiff's claims are barred, in whole or in part, by a binding and enforceable arbitration agreement between Plaintiff and Defendant.

4.     Subject to the foregoing and without waiving same, Plaintiff's claims are barred, in whole or in part, by Plaintiff's breach of agreement, and Plaintiff's other improper conduct.

5.     Subject to the foregoing and without waiving same, Plaintiff has failed to mitigate its purported damages, if any, and has increased its purported damages, if any, by its own actions and inactions.

6.     Subject to the foregoing and without waiving same, Plaintiff's claims are barred, in whole or in part, by the contributory negligence and/or the comparative responsibility of Plaintiff.

7.     Subject to the foregoing and without waiving same, Plaintiff's claims are barred, in whole or in part, by the acts and/or omissions of Plaintiff which were the sole, intervening, superseding and/or proximate cause of Plaintiff's alleged damages and injuries, if any.

8.     Subject to the foregoing and without waiving same, Plaintiff's claims are barred, in whole or in part, by the doctrine of *in pari delicto.*

9.     Subject to the foregoing and without waiving same, the conduct of Defendant was undertaken in the good faith pursuit of its bona fide rights. Defendant, therefore, pleads privilege and justification for its actions.

10.     Subject to the foregoing and without waiving same, Plaintiff has waived the claims asserted in its Amended Complaint

11.     Subject to the foregoing and without waiving same, all or part of Plaintiff's claims are barred by the doctrine of ratification.

12.     Subject to the foregoing and without waiving same, Plaintiff failed to exercise due diligence to ascertain the truth or falsity of the purported representations it allegedly relied upon.

13.     Subject to the foregoing and without waiving same, one or more of the following third persons or entities are responsible for Plaintiff's purported damages, if any exist: Mike Davis, Paul Hood, Phillip King, W. Kirk Turner, Ron Walenta and/or Dallas Fire Insurance Company. Such persons and/or entities are the sole, intervening, superseding and/or proximate cause of Plaintiff's alleged damages and injuries, if any. Such persons and/or entities should be designated as responsible third parties, and their proportionate fault should be assessed at the trial of this action, as provided in Chapter 33 of the Texas Civil Practice and Remedies Code, and otherwise.

14.     Subject to the foregoing and without waiving same, should the trier of fact award any damages to Plaintiff, which is strictly denied, Defendant is entitled to an offset and credit by the amount of said Defendant's actual, incidental, consequential and special damages caused by Plaintiff's breach of contract, and other improper conduct.

## III.

## REQUESTED RELIEF

Considering the premises, Defendant Dispute Solution, Inc. prays that Plaintiff take and recover nothing by its Amended Complaint and that Defendant have judgment for its costs and such other relief to which it is justly entitled.

Dated:  April 10, 2006.

**WILCOXEN & WILCOXEN**

James G. Wilcoxen, OBA 9605
Wilcoxen & Wilcoxen
P.O. Box 357
Muskogee, OK 74401
Telephone:      918.683.6696
Fax:               918.682.8605

And

Curtis L. Marsh
Texas Bar No.  13020050
370 Founders Square
900 Jackson Street
Dallas, Texas 75202
Telephone:      (214) 573-6311
Fax:               (214) 752-1140

**ATTORNEY FOR DEFENDANT
DISPUTE SOLUTIONS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document was served on the following counsel for Plaintiff on this 10th day of April, 2006:

> W. Kirk Turner, Esq.
> John Payne, Esq.
> Newton, O'Connor Turner & Ketchum, PC
> 15 West Sixth Street, Suite 2700
> Tulsa, Oklahoma 74119-5423

James G. Wilcoxen