IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

SOUTHERN STAR, INC.,                    )
                                        )
                   Plaintiff,           )
                                        )
        vs.                             )      No. CIV-06-030-WH
                                        )
DISPUTE SOLUTIONS, INC.                 )
                                        )
                                        )
                   Defendant.           )

**FILED**
JUN - 7 2006
By _____
Clerk, U.S. DISTRICT COURT
WILLIAM B. GUTHRIE
Deputy Clerk

## MOTION TO STRIKE DEFENDANT'S
## MOTION TO COMPEL ARBITRATION

Plaintiff, Southern Star, Inc. ("Southern Star"), hereby moves the Court to enter an Order striking

the Motion to Compel Arbitration [Dkt. No. 34] filed by the Defendant, for the reason that this same issue

between the parties has already been decided by this Court.

In support of its Motion to Strike, Southern Star provides the following brief in support.

### BRIEF IN SUPPORT OF MOTION TO STRIKE

In its Motion to Compel Arbitration ("Defendant's  Motion") [Dkt. No. 34], Defendant seeks the

proverbial forbidden second bite at the apple.  Defendant's Motion should be stricken.

### A.      Procedural History.

The above-captioned matter was originally filed and assigned to this Court in CIV-05-074-WH.

In the first case, Defendant filed a Motion to Compel Arbitration, Stay of Proceedings and/or Dismiss

Action, and Brief in Support Thereof ("Defendant's  First Motion to Compel") [Dkt. No 26 in 05-074].

After reviewing Defendant's  First Motion to Compel, and the responsive pleading of Southern Star [Dkt.

No. 28 of 05-074],[1]  this Court denied the First Motion to Compel on September 9, 2005 [Dkt. No. 30 of 05-

---

[1]In the Order denying the First Motion to Compel, the Court noted that the Defendant failed to take
advantage of the legal procedures of the Eastern District of Oklahoma by not filing a Reply Brief [Dkt No. 30, p. 4,
in 05-074].

-1-

074 ]. Pursuant to 9 U.S.C. § 16(a)(1)© and Federal Rules of Appellate Procedure 4(a), the Defendant could immediately appeal the Court's Order denying arbitration within thirty (30) days after the Order was entered. *See also Ansari v. Qwest Communications Corp.*, 414 F.3d 1214, 1217 (10th Cir. 2005), *Wilson v. American Investment Services, Inc.*, 2002 U.S. App. LEXIS 6409, *1-2 (10th Cir. 2002). Thus, the time for Defendant to have perfected an interlocutory appeal of the Court's September 9, 2005, Order was October 10, 2005. Like the Defendant's failure to take full advantage of the Eastern District of Oklahoma's legal procedures to file a Reply Brief, however, the Defendant chose not to take full advantage of the Federal Rules of Appellate Procedure and let the deadline pass. After the Defendant's deadline passed, the parties agreed to a Joint Dismissal of the first case to await the outcome of a Texas state court matter that directly impacts the damages claimed here.

**B. Law of the Case.**

Having waived its previous procedural rights and remedies, the Defendant impermissibly seeks to undermine the Court's previous ruling with the same motion the Court previously denied. However, as already alluded to by the Court in this matter, Defendant's attempt to revisit this issue is precluded.

At the recent March 30, 2006, Status and Scheduling Conference in this matter, the Court raised the "law of the case" doctrine in response to Defendant's counsel's mention that he believed the same arbitration clause that had been ruled unenforceable in the first action was again alive in this action. The Defendant is apparently unpersuaded by the Court's view of the law.

Law of the Case, although not as sweeping as *res judicata,* bars reconsideration of rules of law enunciated by trial and appellate courts in previous litigation between the parties. The rule has been stated as follows:

> When . . . . a federal court enunciates a rule of law to be applied in the case at bar it not only establishes a precedent for subsequent cases under the doctrine of stare decisis, but, as a general proposition, it establishes the law, which other courts owing obedience to it *must,* and which it itself will, normally apply to the same issues in subsequent proceedings in that case.

-2-

JEREMY C. MOORE ET AL., 1B MOORE'S FEDERAL PRACTICE ¶ 0.404[1] (2d ed. 1974). Law of the Case is said to be a "cousin" to the doctrine of *stare decisis* -- let that which has been decided stand -- and expresses the practice of the courts to refuse to reopen that which has been decided. *Schupak v. Califano*, 454 F.Supp. 105, 113-15 (E.D.N.Y. 1978) (applying law of the case to ruling made in a prior action that had been dismissed pursuant to parties' stipulation of dismissal). The principle is founded on the policy of judicial economy, aimed at getting a case litigated. *See Zdanok v. Glidden Company-Dunkee Famous Foods Div.*, 327 F.2d 944, 953 (2d Cir.), *cert. denied,* 377 U.S. 934, 84 S. Ct. 1338, 12 L. Ed. 2d 298 (1964); *see also United States v. Fernandez,* 506 F.2d 1200 (2d Cir. 1974); *Antonioli v. Lehigh Coal & Navigation Co.,* 451 F.2d 1171, 1178 (3d Cir. 1971); 1B MOORE'S FEDERAL PRACTICE, *supra* at ¶ 404.

Indeed, the Tenth Circuit Court of Appeals has upheld a federal trial court's application of the "law of the case" doctrine to decisions that were made in a previously filed and dismissed state court case between the same parties. *Gage v. General Motors Corporation*, 796 F.2d 345, 350 (10th Cir. 1986). In *Gage*, the plaintiff first brought suit in a Colorado state court, alleging breach of fiduciary duties and interference with contractual relationships. *Id.* After the state court dismissed the action, the plaintiff filed his complaint with the district court, alleging breach of fiduciary duties, interference with contractual relationships, and violations of federal statutory laws. Relying upon the "law of the case" in the state court action, the federal district court dismissed the plaintiff's complaint. *Id.* On appeal, the 10th Circuit affirmed, holding that the district court properly applied the law of the case doctrine in considering the claims that were raised in state court. *Id.* at 350.

The Tenth Circuit Court of Appeals is not alone in its analysis and conclusion. In *Schupak v. Califano*, *supra*, the court recognized that the "law of the case" doctrine was traditionally applied in the same case, its application to a subsequent matter between the same parties over the same controversy is appropriate:

-3-

We realize that our application of the law of the case deviates from customary practice in two respects. First, the doctrine is generally employed to bar relitigation of issues decided in earlier proceedings of the *same* lawsuit. *But see Antonioli v. Lehigh Coal & Navigation Co., supra* (law of the case applied to subsequent lawsuit between the same parties); *Galpin v. Page,* 85 U.S. 350, 18 Wall. 350, 365, 21 L. Ed. 959 (1874) and *Stoner v. New York Life Ins. Co.,* 311 U.S. 464, 61 S. Ct. 336, 85 L. Ed. 284 (1940) (legal adjudications in state actions applied to subsequent federal court actions between the same parties or their privies). Second, law of the case technically binds only those courts which owe obedience to the court which established the legal ruling. While the decision of the D.C. Circuit does not bind us, it is persuasive authority and thus we elect to follow it absent a decision on the question by the Second Circuit. *See Lang v. Elm City Constr. Co.,* 217 F. Supp. 873, 877 (D.Conn.), *aff'd,* 324 F.2d 235 (2d Cir. 1963).

*Schupak v. Califano*, 454 F.Supp. 105, 114 (E.D.N.Y. 1978).

This *Schupak* rationale and holding was subsequently followed by the Court of Appeals for the

District of Columbia, in *Smith v. United States*, 406 A.2d 1262, 1264 (D.C. Cir. 1979), which held that the

trial court was correct in not considering a second motion in a subsequent action between the same parties

over the same controversy where the first case was dismissed without prejudice following the denial of the

first motion. *Id.* The denial of the first motion, opined the federal appellate court, constituted the law of the

case and bound the parties when the case was brought again:

The dismissal of the first case partakes more of the character of an interruption in the judicial process, for purposes of the motion and ruling thereon, than of a severance of the appellant from the judicial system. For all intents and purposes, the instant case is the same action that was brought previously. We, therefore, find the application of the doctrine of the law of the case to be appropriate. *See Stoner v. New York Life Insurance Co.*, 311 U.S. 464, 85 L. Ed. 284, 61 S. Ct. 336 (1940), and *Galpin v. Page*, 85 U.S. (18 Wall) 350, 365, 21 L. Ed. 959 (1874) (state adjudication held applicable in later federal court actions involving same parties or their privies); *Antonioli v. Lehigh Coal & Navigation Co.*, 451 F.2d 1171, 1178 (3d Cir. 1971) (law of case announced in previous law suit applied in subsequent action between same parties); *United States v. Thoresen*, 428 F.2d 654, 667 (9th Cir. 1970) (fact that suppression hearing held under superseded indictment did not entitle defendant to relitigate issues decided therein); *Schupak v. Califano*, 454 F. Supp. 105, 113-14 (E.D.N.Y. 1978) (law of case applied to preclude reconsideration of issues by district court in different federal circuit from that in which original lawsuit brought).

*Smith v. United States*, 406 A.2d at 1263-64. *See also Sylvester Material v. Carlo*, 2005 U.S. Dist. 38444,

**1-4 (N.D. Ohio) (applying law of the case doctrine to determination made in a prior action that had been

dismissed).

Here, this Court's prior definitive ruling that the arbitration clause was unenforceable under Tenth Circuit law is the law of the case between the parties and should bar further consideration of the arbitrability of the parties' dispute. The Court was clear in its written Order, and was clear in its comments to the parties only two (2) months ago. Defendant's Motion should be stricken.

**C.     Attorney Fees and Costs.**

Southern Star requests the Court to exercise its inherent power to grant it attorney fees and costs associated reviewing Defendant's Motion to Compel, and seeking this relief.

The United States Supreme Court long ago established that "certain implied powers must necessarily result to our Courts of justice from the nature of their institution," powers "which cannot be dispensed with in a Court, because they are necessary to the exercise of all others." *United States* v. *Hudson*, 11 U.S. 32, 7 Cranch 32, 34, 3 L. Ed. 259 (1812); *see also Roadway Express, Inc.* v. *Piper*, 447 U.S. 752, 764, 65 L. Ed. 2d 488, 100 S. Ct. 2455 (1980) (citing *Hudson*). For this reason, "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Anderson* v. *Dunn*, 19 U.S. 204, 6 Wheat. 204, 227, 5 L. Ed. 242 (1821); *see also Ex parte Robinson*, 86 U.S. 505, 19 Wall. 505, 510, 22 L. Ed. 205 (1874).

The Court's inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link* v. *Wabash R. Co.*, 370 U.S. 626, 630-631, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962). Because of their very potency, inherent powers must be exercised with restraint and discretion. *See Roadway Express, supra*, at 764. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. While outright dismissal or entry of a judgment is a particularly severe sanction, it is within the court's discretion. *Roadway Express, Inc.* v. *Piper*, 447 U.S. at 765. Consequently, the "less severe sanction" of an assessment of attorney's fees is undoubtedly within this Court's inherent

power, and is justified here. *See Hutto* v. *Finney*, 437 U.S. 678, 689, n. 14, 57 L. Ed. 2d 522, 98 S. Ct. 2565 (1978).

WHEREFORE, premises considered, Southern Star moves the Court to enter an Order striking Defendant's Motion to Compel Arbitration and to exercise its inherent power to award Southern Star attorney fees and costs associated with seeking this relief.

Respectfully submitted,

**NEWTON, O'CONNOR, TURNER & KETCHUM
A PROFESSIONAL CORPORATION**

By: _____

W. Kirk Turner, OBA 13791
Keith A. Wilkes, OBA 16750
Jon M. Payne, OBA 17910
2700 Bank of America Center
15 West Sixth Street
Tulsa, OK 74119-5423
Phone (918) 587-0101
Fax (918) 587-0102

**ATTORNEYS FOR PLAINTIFF,
SOUTHERN STAR, INC.**

## CERTIFICATE OF MAILING

I hereby certify that the original of the above and foregoing **Motion to Strike** was sent via facsimile and first class mail this 6th day of June, 2006, with proper postage thereon fully prepaid, to the following:

> Curtis Lewis Marsh, Esq.
> 900 Jackson Street, Ste. 370
> Dallas, Texas 75202
>
> James W. Wilcoxen, Esq.
> Wilcoxen & Wilcoxen
> P.O. Box 357
> Muskogee, Oklahoma   74402-0357

Keith A. Wilkes